ZACHARY CROSNER (SBN 272295)
zach@crosnerlegal.com
MICHAEL CROSNER (SBN 41294)
mike@crosnerlegal.com
BLAKE JONES (SBN 211221)
**CROSNER LEGAL, P.C.**
433 N. Camden Dr., Suite 400
Beverly Hills, CA 90210
Tel. (310) 496-5818
Fac. (818) 700-9973

Attorneys for Plaintiff
SHEDRA SEWARD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEDRA SEWARD, as an individual and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br>　vs.<br><br>MARVIN ENGINEERING CO., INC., a California Corporation, and DOES 1-50, Inclusive,<br><br>　　　　Defendants. | CASE NO.<br><br><u>CLASS ACTION</u><br><br>**COMPLAINT FOR:**<br><br>1. Violation of the Federal Fair Credit Reporting Act ("FCRA") [15 U.S.C. §§ 1681, *et seq*.]<br><br>2. Violation of the California Investigative Consumer Reporting Agencies Act ("ICRAA") [Cal. Civil Code § 1786, *et seq*.]<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, SHEDRA SEWARD, on behalf of herself and all others similarly situated, complains of Defendant MARVIN ENGINEERING CO., INC., a California Corporation; and DOES 1-50 (collectively, "Defendant") as follows:

## INTRODUCTION

1. This class action arises from Defendant's acquisition and use of consumer and/or investigative consumer reports (referred to as "background reports") to conduct background checks on Plaintiff and current and former employees.

2. Defendant routinely obtains and uses information from background reports in connection with its hiring processes without complying with state and federal mandates.

3. Plaintiff, individually and on behalf of all other members of the public similarly situated, seeks compensatory and punitive damages due to Defendant's systematic and willful violation of, *inter alia*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* and the Investigative Consumer reporting Agencies Act ("ICRAA"), Cal. Civ. Code §§ 1786, *et seq.*

4. Defendant has violated the requirements under these statutes by failing to provide proper release and disclosure authorization to Plaintiff and others similarly situated.

5. The procurement of background reports for employment purposes is subject to strict disclosure requirements under federal law pursuant to the FCRA and under California law pursuant to the ICRAA. Among other things, an employer may not procure a background report concerning a job applicant unless 1) a "clear and conspicuous" disclosure is made in a stand-alone document that "consists solely of the disclosure" informing the applicant that a report may be obtained for employment purposes and clearly setting forth the nature and scope of the consumer report; 2) a summary of the applicant's rights with regard to the consumer report is provided to the applicant; and 3) provides the applicant with

accurate and legally compliant information and disclosures with regard to its investigative consumer report.

6. Defendant failed to follow these strict disclosure and procedural requirements and, as a result, Defendant's wrongful acts and omissions injured Plaintiff and putative class members by having their privacy and statutory rights invaded in violation the FCRA and ICRAA.

## **PARTIES**

7. Plaintiff SHEDRA SEWARD is, and at all relevant times was, an individual and natural person domiciled in the State of California and a citizen of the State of California who worked for Defendant.

8. Defendant MARVIN ENGINEERING CO., INC., is a California Corporation authorized to do business in the State of California.

9. Plaintiff is unaware of the true names of Defendants DOES 1 through 50. Plaintiff sues said defendants by said fictitious names and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this complaint.

10. Plaintiff is informed, believes, and thereon alleges that at all relevant times, each defendant was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff is further informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the

relationships alleged above, and that at all relevant times, each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants. As used in this complaint, "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes Defendants MARVIN ENGINEERING CO., INC., and DOES 1 to 50, inclusive.

11. At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venture of each of the other defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

12. Plaintiff makes the allegations in this complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over Plaintiff's and the Class Members' claims for FCRA and ICRAA violations for the following reasons upon information and belief: Defendant, at all relevant times duly licensed to conduct business in the State of California; and DOES 1-50, inclusive, (collectively "Defendant") operate throughout California; Defendant employed Plaintiff in Los Angeles County in the State of California; the principal violations of California law occurred in Los Angeles County; the conduct of Defendant forms a significant basis for Plaintiff's and the Class Members' claims; and Plaintiff and the Class Members seek significant relief from Defendant.

## FACTUAL BACKGROUND

14. Plaintiff applied for a job with Defendant in or around June 2014 and worked for Defendant until on or about June 2019.

15. In evaluating Plaintiff for employment, Defendant procured or caused to be prepared a background report (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e), a consumer credit report, as defined by Cal. Civ. Code § 1785.3(c), and/or an investigative consumer report, as defined by Cal. Civ. Code § 1786.2(c).

16. In connection with Plaintiff's employment application, Plaintiff completed Defendant's standard application materials, which, on information and belief are used regularly by Defendant for all similarly situated job applicants during the relevant time period in connection with its employment policies, procedures, and/or practices.

17. As part of Plaintiff's application, Defendant purported to inform Plaintiff and other class members that a background check would be obtained and included in the application materials a copy of documents purporting to give Defendant authorization to perform a background check.

18. This purported disclosure and authorization is in the form of multiple documents and contains extraneous information which is irrelevant to Defendant's disclosure of its intent to obtain a background report and also describes information that does not constitute a consumer report or investigative consumer report and therefore misleads the consumer about the type of information he or she is authorizing will be disclosed. Moreover, Defendant did not provide a stand-alone authorization as required by applicable law, included improper disclosures, failed to provide a summary of rights as required by applicable law, and failed to adhere to the strict consumer report disclosure and procedural requirements pursuant to the FCRA and ICRAA.

## CLASS ALLEGATIONS

19. Plaintiff brings this lawsuit on behalf of herself and as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of similarly situated persons as follows:

20. **Class Definitions:** The classes are defined as follows:

    A. **FCRA Class:** All of Defendant's current, former and prospective applicants for employment in the United States who applied for a job with Defendant at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered into in this action.

    B. **ICRAA Class:** All of Defendant's current, former, and prospective applicants for employment in California, at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered into in this action.

21. **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical.

22. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These include, but are not limited to:

    A. Whether Defendant willfully failed to provide the class with stand-alone written disclosures before obtaining a creditor background report in compliance with the statutory mandates;

    B. Whether Defendant willfully failed to include accurate and legally required information and disclosures with regard to its investigative consumer report;

    C. Whether Defendant willfully included extraneous information, including state law disclosures, release of liability disclosures, and seek additional extraneous disclosures regarding drug testing and immigration status in its Release and Disclosure Authorization;

    D. Whether Defendant willfully failed to provide a summary of rights with regard to its investigative consumer report pursuant

to its obligations under the FCRA;

E. Whether Defendant willfully failed to clearly and accurately disclose the full purpose of the investigative consumer report pursuant to federal and state requirements;

F. Whether Defendant willfully failed to comply with the FCRA and/or the ICRAA.

23. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendant has a policy, practice or a lack of a policy that resulted in Defendant failing to comply with the FCRA, and ICRAA as alleged herein.

24. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that Plaintiff has no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members. Plaintiff will fairly and adequately represent and protect the interests of class members.

25. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

26. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by

permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## **FIRST CAUSE OF ACTION**

**FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF FCRA**

**(15 U.S.C. §§ 1681b(b)(2)(A), 1681d(a)(1) and 1681g(c))**

**(By Plaintiff and the FCRA Class Against all Defendants)**

27. Plaintiff hereby incorporates reference to all the allegations contained in this Complaint as if fully alleged herein.

28. Defendant is a "person" as defined by Section 1681a(b) of the FCRA.

29. Plaintiff and class members are "consumers" within the meaning of Section 1681a(c) of the FCRA, because they are "individuals."

30. Section 1681a(d)(1)(B) of the FCRA defines "consumer report" as
> Any oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for – employment purposes.

Thus, a credit and background report qualify as a consumer report.

31. Section 1681a(e) of the FCRA defines "investigative consumer report" as:
> a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with whom he is acquainted or who may have knowledge concerning any such items of information.

Thus, a credit and background report qualify as an investigative consumer report.

32. Section 1681b(b)(2)(A) requires that a disclosure and investigative consumer report consent form stand-alone and that any extraneous information included such as state law disclosures and waiver of liability are in violation of the statute. See,

*Syed v. M-1, LLC*, 846 F.3d 1034 (9th Cir. 2017) and *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169 (9th Cir. 2019).

33. The disclosure and authorization provided to Plaintiff contained and, upon information and belief, continues to contain extraneous information which clearly includes state law disclosures, unlawful release(s) of liability, and/or improper disclosures, in direct violation of Section 1681b(b)(2)(A).

34. Section 1681d(a)(1) provides:
A person may not procure or cause to be prepared an investigative consumer report on any consumer unless:

(1) it is ***clearly and accurately disclosed*** to the consumer that an investigative consumer report including information as to his character, general reputation, ***personal characteristics, and mode of living***, whichever are applicable, may be made, and such disclosure; (Emphasis Added.)

(2) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and

(3) includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section ***and the written summary of the rights of the consumer prepared pursuant to section 1681g(c)*** of this title; (Emphasis Added.)

(4) Subsection (b) of Section 168ld(a)(l) provides:

Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(l) of this section (a)(1) of this section, make a complete and accurate disclosure of the nature and scope of the investigation requested. This disclosure shall be made in a writing mailed, or otherwise delivered, to the consumer not later than five days after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.

35. Upon information and belief, Defendant did not comply with Section 1681d(a)(1) because Defendant included an unlawful liability release within its disclosure and authorization forms and failed to disclose that its investigative consumer report may include investigation into "personal characteristics" and

"mode of living" and Defendant further failed to provide Plaintiff with a written summary of rights pursuant to section 1681g(c).

36. Section 1681g(c) provides for a summary of rights to obtain and dispute information in consumer reports and to obtain credit scores as:

(1) Commission summary of rights requires:

    (A) The Commission shall prepare *a model summary of the rights* of consumers under this subchapter.

    (B) Content of summary:

The summary of rights prepared under subparagraph (A) shall include a description of –

        (i) the right of a consumer to obtain a copy of a consumer report under subsection (a) of this section from each consumer reporting agency;

        (ii) the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge under subsection 1681j of this title;

        (iii) the right of a consumer to dispute information in the file of the consumer under subsection 1681i of this title;

        (iv) the right of a consumer to obtain a credit score from a consumer reporting agency, and a description of how to obtain a credit score;

        (v) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

        (vi) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title.

37. Defendant did not comply with § 1681g(c) because no such summary of rights was ever provided to Plaintiff and the putative class.

38. Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendant has a policy and practice of including failing to provide proper, adequate written disclosures to applicants and employees, before procuring credit reports or

causing credit reports to be procured, as described above. Pursuant to that policy and practice, Defendant procured credit reports or caused credit reports to be procured for Plaintiff and class members that were not in compliance with §§ 1681b(b)(2)(A), 1681d(a)(1) and 1681g(c), as described above.

39. Defendant's conduct in violation of §§ 1681b(b)(2)(A), 1681d(a)(1) and 1681g(c) was and is willful. Defendant acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendant's willful conduct is reflected by, among other things, the following facts:

    (a) Defendant is a large corporation with access to legal advice;

    (b) Defendant required a purported authorization to perform credit checks in the process of employing the class members which, although defective, evidences Defendant's awareness of and willful failure to follow the governing laws concerning such authorizations; and

    (c) The plain language of the statute unambiguously indicates the failure to include the provisions identified above violates the FCRA's consumer credit reporting requirements.

40. As a result of Defendant's illegal procurement of credit reports by way of their defective notice and authorization, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

41. Plaintiff, on behalf of themselves and all class members, seeks all available remedies pursuant to 15 U.S.C. § 1681b, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs to the extent they are provided for under the FCRA.

42. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681b, including but not limited to actual

damages and attorneys' fees and costs to the extent provided for under the FCRA.

## SECOND CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURES IN VIOLATION OF ICRAA

### (Cal. Civ. Code §§ 1786.16(a), 1786.20, and 1786.22)

### (By Plaintiff and the ICRAA Class Against all Defendants)

43. Plaintiff hereby incorporates reference to all the allegations contained in this Complaint as if fully alleged herein.

44. Defendants are "persons" as defined by Cal. Civ. Code § 1786.2(a).

45. Plaintiff and ICRAA Class Members are "consumers" within the meaning of § 1786.2(b) of the ICRAA, because they are "individuals."

46. Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

47. Thus, a background check qualifies as an investigative consumer report under the ICRAA.

48. Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

49. Section 1786.16(a)(2)(B)(iii)-(vi) of the ICRAA provides in relevant part as follows:

>(2) If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct by the subject of the investigation, the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:
>
>…
>
>>(B) The person procuring or causing the report to be made provides a ***clear and conspicuous disclosure*** in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:
>>
>>…
>>
>>>(iii) The disclosure may include information on the consumer's character, general reputation, ***personal characteristics, and mode of living***.
>>>
>>>…
>>>
>>>(iv) ***Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.***
>>>
>>>…
>>>
>>>(v) ***Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22***.
>>>
>>>…
>>>
>>>(vi) ***Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20***. (Emphasis added.)

50. As described above, Plaintiff alleges that in evaluating them and other class members for employment, Defendant procured or caused to be prepared investigative consumer reports (e.g. background checks), as defined by Cal. Civ. Code § 1786.2(c).

51. When Plaintiff applied for employment with Defendant, Defendant did not provide Plaintiff with required Disclosures and Authorizations ("Disclosure" or "Authorization").

52. Defendant violated Sections 1786.16(a)(2)(b)(iii)-(vi), 1786.20 and 1786.22 of the ICRAA by failing to provide the nature and scope of the

investigation, including that the investigation may include information on Plaintiff's "personal characteristics" and "general reputation" and "mode of living", failing to provide a summary of the provisions of Section 1786.22 (right to inspect files), failing to incorporate exclusive ICRAA disclosures, and failing to provide Plaintiff with the name, address, telephone number and website of the investigative consumer reporting agency conducting the investigation, as well as information pursuant to Section 1786.20. *See* Cal. Civ. Code § 1786(a)(2)(B)(iii)-(vi).

53. Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendant has a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports or causing credit reports to be procured, as described above. Pursuant to that policy and practice, Defendant procured credit reports or caused credit reports to be procured for Plaintiff and class members without first providing a written notice in compliance with § 1786.16(a)(2)(B) of the ICRAA, as described above.

54. Defendant's conduct in violation of §§ 1786.16(a)(2)(B), 1786.20 and 1786.22 of the ICRAA was and is willful and/or grossly negligent. Defendant acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendant's willful conduct is reflected by, among other things, the following facts:

  (d) Defendant is a large corporation with access to legal advice;

  (e) Defendant required a purported authorization to perform credit checks in the process of employing the class members which, although defective, evidences Defendant's awareness of and willful failure to follow the governing laws concerning such authorizations; and

  (f) The plain language of the statute unambiguously indicates the failure to include the provisions identified above in violation of the ICRAA's notice requirement.

55. As a result of Defendant's illegal procurement of credit reports by way of their inadequate notice and authorization as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

56. Plaintiff, on behalf of themselves and all class members, seeks all available remedies pursuant to Cal. Civ. Code § 1786.50, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

57. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1786.50(a), including but not limited to actual damages and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendant as follows:

1. An order that the action be certified as a class action;
2. An order that Plaintiff be appointed class counsel;
3. An order that counsel for Plaintiff be appointed class counsel;
4. Statutory penalties;
5. Civil penalties;
6. Punitive damages;
7. Injunctive relief;
8. Costs of suit;
9. Interest;
10. Reasonable attorneys' fees; and
11. Such other relief as the Court deems proper.

Dated: May 26, 2020                    Respectfully submitted,

**CROSNER LEGAL, PC**

By: _____
Michael Crosner, Esq.
Zach Crosner, Esq.
J. Kirk Donnelly, Esq.
Attorneys for Plaintiff
and the Proposed Class

## DEMAND FOR JURY TRIAL

Plaintiff SHEDRA SEWARD demands a trial by jury for herself and the putative class members on all claims so triable.

Dated: May 26, 2020          Respectfully submitted,

**CROSNER LEGAL, PC**

By: _____
Michael Crosner, Esq.
Zach Crosner, Esq.
J. Kirk Donnelly, Esq.
Attorneys for Plaintiff
and the Proposed Class